### JOHN EAKER *v.* R. T. ALBRITTON.

**Mortgages—When Lien Does Not Attach to Proceeds of Mortgaged Property.**

Where mortgaged property is sold by the mortgagor with the consent of the mortgagee, the lien of the mortgagee does not attach to the proceeds of the sale in the hands of the mortgagor.

APPEAL FROM GRAVES CIRCUIT COURT.

April 1, 1873.

OPINION BY JUDGE PRYOR:

The only construction to be placed upon the language used in the mortgage out of which this litigation has arisen is "that it was an attempt to mortgage after-acquired property." The appellant had no right or title to the goods except by virtue of this writing. The right to use, sell and control the proceeds was with the mortgagor, and the only trust created is such as arises upon the execution of every mortgage if the goods belonged originally to the appellant, and he had constituted the mortgagor his agent only to sell, as contended for; the writing here is: "I am to have the right to sell by retail said groceries and replenish my stock and the goods hereafter bought to stand in lieu of such as I sell until said indebtedness is paid." Under this writing when the goods were sold that were mortgaged the title of the appellant went with them and those afterwards purchased were not embraced by its terms, at least as against third parties. This same question was decided in the case of *Austin Cochran, etc., v. Pindell,* and also in the case of *Ross v. Wilson*

*Peter & Co.,* 7 Bush 29; also in case of *McChesney & Co. v. Ford,* manuscript opinion delivered at the present term. It is immaterial whether the after-acquired goods were purchased with the proceeds of those sold or not. When the mortgagor gets the money into his pocket from the sale of the property mortgaged by the consent of the mortgagee the lien of the latter is gone. In the illustration given by counsel for appellant, where A. mortgages to B. a house and A. sells the house and buys a yoke of oxen, there is no question but what the lien is lost when B. not only consents to the sale but authorizes it, as in this case. The property upon which the lien existed having been sold by his consent the lien is thereby released.

Judgment *affirmed.*

*R. K. Williams, for appellant.*

*A. B. Stubblefield, W. H. Miller, for appellee.*